*E-filed on* __9/8/06__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOAN DONATO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>COMMISSIONER OF INTERNAL REVENUE SERVICE,<br><br>　　　　Respondent. | No. C-06-01896 RMW<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

　　　Joan Donato has petitioned this court for injunctive relief, claiming she was not afforded the full administrative procedure to which she was entitled when contesting certain tax liabilities. Respondent Commissioner of the Internal Revenue Service has pending a motion to dismiss for failure to state a claim upon which relief may be granted. It is not clear, however, that the court has jurisdiction over Donato's petition.

　　　Donato recites in her petition that jurisdiction is proper here under 26 U.S.C. 6330(d)(1)(B). Pet. at 1. That statute provides that a person may appeal certain determinations of the Internal Revenue Service

> (A)　to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or

ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION—No. C-06-01896 RMW
JAH

    (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 U.S.C. § 6330(d)(1).[1] There is nothing in Donato's petition that addresses whether the Tax Court has jurisdiction over "the underlying tax liability" and therefore this action. Respondent has previously informed Donato that any appeal should be made to the Tax Court. *See* Rebuttal, Ex. 45 at 1. Respondent has not otherwise addressed the issue of jurisdiction.

  Jurisdictional requirements are limits on the power of a court to decide a case and cannot be waived. *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1179 (9th Cir. 2004). From the phrasing of § 6630(d)(1), it appears that Congress intended for certain appeals under that subsection to be exclusively within the jurisdiction of the Tax Court and all other appeals to be exclusively within the jurisdiction of the district court. As it is not clear which is the case here, the parties are ordered to address the issue of whether this court has jurisdiction over Donato's petition.

**ORDER**

  For the foregoing reasons, the court orders each party to file a brief not to exceed three pages setting forth whether under 26 U.S.C. § 6330(d)(1) jurisdiction over Donato's petition properly lies with this court or with the Tax Court. These briefs are to be filed no later than noon on September 14, 2006. If any hearing on jurisdiction is necessary, it will be consolidated with the hearing on the United States' motion to dismiss, scheduled for September 15, 2006.

DATED:  9/8/06         *Ronald M. Whyte*
                        RONALD M. WHYTE
                        United States District Judge

---

[1] This section was recently amended to eliminate the option of appealing to a district court. PL 109-280, 120 Stat 780 (August 17, 2006). The amendment has not yet taken effect and thus does not apply to Donato's petition. *Id*. ("The amendment made by this section shall apply to determinations made after the date which is 60 days after the date of the enactment of this Act.").

1 **A copy of this order was mailed on _____ to:**

2 **Counsel for Plaintiff(s):**

3 Joan Donato
20180 Old Big Basin Road
4 Boulder Creek, CA 95006

5 **Counsel for Defendant(s):**

6 Cynthia Lewis Stier
United States Attorney
7 450 Golden Gate Avenue
San Francisco, CA 94102
8

9 Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION—No. C-06-01896 RMW
JAH                                 3